

# DEBORAH SUMMERS, ATTORNEY

11210 Steeplecrest, Suite 120
Houston, Texas 77065
Ofc. (281) 897-9600
Fax. (281) 897-9203

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

1/29/2015 4:27:34 PM
CHRISTOPHER A. PRINE
Clerk

January 29, 2015

Eric Tennel
TDCJ # 1889930
4250 Hwy 202, Garza West
Beeville, Texas 78102

Re: Appeal No. 01-13-00942-CR; Eric Tennell vs. State of Texas

Dear Mr. Tennell:

On January 29, 2015, a panel of the First Court of Appeals delivered the opinion affirming your conviction and granting my request to withdraw from your case. I have enclosed a copy of that opinion.

After reviewing the brief filed by me and the brief you filed *pro se*, the the Court of Appeals agreed that there was no reversible error in your trial. Thus there are no further appellate steps for me to pursue, and my representation of you on appeal is at an end.

However, if you disagree with the Court of Appeals, you have the option of seeking a Petition for Discretionary Review (PDR) from the Court of Criminal Appeals.
You have the right to seek a PDR but you will be bound by the rules and times limits discussed below.

In the event you decide to seek Discretionary Review, I have enclosed a copy of the rules of Appellate procedure. See rules 66-70 especially. As you can see from the rules, you will need to attach a copy of the court of appeals opinion to copy of the PDR. You will also need to immediately file a motion for extension of time to file a PDR. I am enclosing a motion you may use. File the original motion for extension with the Court of Criminal Appeals. I have included their address below. You also need to mail a copy to the District Attorney and the State's Prosecuting Attorney (addresses below).

**Clerk of the Court**

**Texas Court of Criminal Appeals**

**Supreme Court Building**

**P.O. Box 12308, Capitol Station**

**Austin, Texas 78711**

If you decide to submit a PDR, you will need to file an original and 11 copies with the Clerk of the Court of Appeals, whose address is:

**Clerk of the Court**

**First Court of Appeals**

**301 Fannin**

**Houston, Texas 77002**

Additionally, you will need to send a copy of your PDR to the District Attorney and the State's Attorney. Their addresses are:

**Ms. Devon Anderson**

**Harris County District Attorney**

**Attention Appellate Division**

**1201 Franklin**

**Houston, Texas 77002**

**State Prosecuting Attorney**

**P.O. Box 12405, Capitol Station**

**Austin, Texas 78711**

A PDR is different from the brief I filed on your behalf. You may not use the PDR to raise issues not brought out at trial or appeal. In a PDR, the object is to convince the Court of Criminal Appeals that one of the six reasons for granting review apply to this case. Note that the focus is errors made by the Court of Appeals not the trial court.

If review is granted, then you will have a right to have an attorney appointed to prepare a brief on the merits and present argument. And, you should request the appointment of

counsel if review is granted. If you go forward, know that only 10% of the PDRs that are filed are granted and many of those are from the government, not defendants. Also, expect a delay after filing a PDR before getting a ruling from the Court of Criminal Appeals.

Sincerely,

Deborah Summers

enc.

1. Copy of the Opinion of the Court of Appeals
2. Rules of Appellate Procedure for PDR
3. Motion for Extension of Time to file PDR

Opinion issued January 29, 2015



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-13-00942-CR

---

**ERIC DESHAYN TENNELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1338512**

---

## MEMORANDUM OPINION

A jury found appellant, Eric Deshayn Tennell, guilty of the offense of murder. *See* TEX. PENAL CODE ANN. § 19.02(b)(1), (2) (West 2011). The jury sentenced appellant to fifteen years' imprisonment. *See* TEX. PENAL CODE ANN. § 12.32(a) (West 2011). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant filed a response, presenting his own statement of facts, arguing that his constitutional rights were violated, and seeking reversal of his conviction.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824,

2

826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1]    Attorney Deborah Summers must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1]    Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

Supreme Court will direct the trial court or court of appeals to correct the error. The Supreme Court will then proceed as if the error had not occurred.

## TRAP 62. DAMAGES FOR FRIVOLOUS APPEALS

If the Supreme Court determines that a direct appeal or a petition for review is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award to each prevailing party just damages. In determining whether to award damages, the Court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals or the Supreme Court.

## TRAP 63. OPINIONS; COPY OF OPINION & JUDGMENT TO INTERESTED PARTIES & OTHER COURTS

The Supreme Court will hand down a written opinion in all cases in which it renders a judgment. The clerk will send a copy of the opinion and judgment to the court of appeals clerk, the trial court clerk, the regional administrative judge, and all parties to the appeal.

## TRAP 64. MOTION FOR REHEARING

**64.1** Time for Filing. A motion for rehearing may be filed with the Supreme Court clerk within 15 days from the date when the Court renders judgment or makes an order disposing of a petition for review. In exceptional cases, if justice requires, the Court may shorten the time within which the motion may be filed or even deny the right to file it altogether.

**64.2** Contents. The motion must specify the points relied on for the rehearing.

**64.3** Response and Decision. No response to a motion for rehearing need be filed unless the Court so requests. A motion will not be granted unless a response has been filed or requested by the Court. But in exceptional cases, if justice so requires, the Court may deny the right to file a response and act on a motion any time after it is filed.

**64.4** Second Motion. The Court will not consider a second motion for rehearing unless the Court modifies its judgment, vacates its judgment and renders a new judgment, or issues a different opinion.

**64.5** Extensions of Time. The Court may extend the time to file a motion for rehearing in the Supreme Court, if a motion complying with Rule 10.5(b) is filed with the Court no later than 15 days after the last date for filing a motion for rehearing.

**64.6** Deleted.

## TRAP 65. ENFORCEMENT OF JUDGMENT AFTER MANDATE

**65.1** Statement of Costs. The Supreme Court clerk will prepare, and send to the clerk to whom the mandate is directed, a statement of costs showing:

(a) the costs that were incurred in the Supreme Court, with a notation of those items that have been paid and those that are owing; and

(b) the party or parties against whom costs have been adjudged.

**65.2** Enforcement of Judgment. If the Supreme Court renders judgment, the trial court need not make any further order. Upon receiving the Supreme Court's mandate, the trial court clerk must proceed to enforce the judgment of the Supreme Court's as in any other case. Appellate court costs must be included with the trial court costs in any process to enforce the judgment. If all or part of the costs are collected, the trial court clerk must immediately remit to the appellate court clerk any amount due to that clerk.

## SECTION FIVE: PROCEEDINGS IN THE COURT OF CRIMINAL APPEALS

### TRAP 66. DISCRETIONARY REVIEW IN GENERAL

**66.1** With or Without Petition. The Court of Criminal Appeals may review a court of appeals' decision in a criminal case on its own initiative under Rule 67 or on the petition of a party under Rule 68.

**66.2** Not a Matter of Right. Discretionary review by the Court of Criminal Appeals is not a matter of right, but of the Court's discretion.

**66.3** Reasons for Granting Review. While neither controlling nor fully measuring the Court of Criminal Appeals' discretion, the following will be considered by the Court in deciding whether to grant discretionary review:

(a) whether a court of appeals' decision conflicts with another court of appeals' decision on the same issue;

(b) whether a court of appeals has decided an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals;

(c) whether a court of appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States;

(d) whether a court of appeals has declared a statute, rule, regulation, or ordinance unconstitutional, or appears to have misconstrued a statute, rule, regulation, or ordinance;

(e) whether the justices of a court of appeals have disagreed on a material question of law necessary to the court's decision; and

(f) whether a court of appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision.

**66.4** Documents to Aid Decision.

(a) *Acquiring documents.* The Court of Criminal Appeals—or any judge of the Court—may order the court of appeals clerk to promptly send the following items to the Court in order to aid it in deciding whether to grant discretionary review:

(1) the appellate record;

(2) a copy of the opinions of the court of appeals;

(3) a copy of the motions filed in the court of appeals; and

(4) certified copies of any judgment or order of the court of appeals.

(b) *Return of documents.* If discretionary review is not granted, the clerk of the Court of Criminal Appeals will return the appellate record to the court of appeals clerk.

**TRAP 67. DISCRETIONARY REVIEW WITHOUT PETITION**

**67.1** Four Judges' Vote. By a vote of at least four judges, the Court of Criminal Appeals may grant review of a court of appeals' decision in a criminal case at any time before the mandate of the court of appeals issues. An order granting review will be filed with the clerk of the Court of Criminal Appeals, who must send a copy to the court of appeals clerk.

**67.2** Order Staying Mandate. To provide enough time for the Court of Criminal Appeals to decide whether to grant discretionary review under 67.1, the Court—or any judge of the Court—may file with the clerk of the court of appeals an order staying the court of appeals' mandate. The order must be signed by a judge of the Court of Criminal Appeals. The clerk of the Court of Criminal Appeals must immediately send a copy of the order to the court of appeals clerk.

**67.3** Time to Issue Mandate Extended. Unless otherwise limited in the order itself, an order staying the court of appeals' mandate under 67.2 will extend for an additional 45 days the time before issuance of the court of appeals' mandate. An order granting review prevents the issuance of the court of appeals' mandate pending the further order of the Court of Criminal Appeals. If four judges do not agree to grant review within that time the court of appeals clerk must issue the mandate.

**⑭** **TRAP 68. DISCRETIONARY REVIEW WITH PETITION**

**68.1** Generally. On petition by any party, the Court of Criminal Appeals may review a court of appeals' decision in a criminal case.

**68.2** Time to File Petition.

(a) *First petition.* The petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals.

(b) *Subsequent petition.* Even if the time specified in (a) has expired, a party who otherwise may file a petition may do so within 10 days after the timely filing of another party's petition.

(c) *Extension of time.* The Court of Criminal Appeals may extend the time to file a petition for discretionary review if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last day for filing the petition. The Court of Criminal Appeals may extend the time to file a response or reply if a party files a motion complying with Rule 10.5(b) either before or after the response or reply is due.

**68.3** Where to File Petition.

(a) The petition and all copies of the petition must be filed with the clerk of the Court of Criminal Appeals.

(b) *Petition filed in court of appeals.* If a petition is mistakenly filed in the court of appeals, the peti-

tion is deemed to have been filed the same day with the clerk of the Court of Criminal Appeals, and the court of appeals clerk must immediately send the petition to the clerk of the Court of Criminal Appeals.

**68.4** Contents of Petition. A petition for discretionary review must be as brief as possible. It must be addressed to the "Court of Criminal Appeals of Texas" and must state the name of the party or parties applying for review. The petition must contain the following items:

(a) *Identity of judge, parties, and counsel.* The petition must list the trial court judge, all parties to the judgment or order appealed from, and the names and addresses of all trial and appellate counsel.

(b) *Table of contents.* The petition must include a table of contents with references to the pages of the petition. The table of contents must indicate the subject matter of each ground or question presented for review.

(c) *Index of authorities.* The petition must include an index of authorities arranged alphabetically and indicating the pages of the petition where the authorities are cited.

(d) *Statement regarding oral argument.* The petition must include a short statement of why oral argument would be helpful, or a statement that oral argument is waived. If a reply or cross-petition is filed, it likewise must include a statement of why oral argument should or should not be heard.

(e) *Statement of the case.* The petition must state briefly the nature of the case. This statement should seldom exceed half a page. The details of the case should be reserved and stated with the pertinent grounds or questions.

(f) *Statement of procedural history.* The petition must state:

(1) the date any opinion of the court of appeals was handed down, or the date of any order of the court of appeals disposing of the case without an opinion;

(2) the date any motion for rehearing was filed (or a statement that none was filed); and

(3) the date the motion for rehearing was overruled or otherwise disposed of.

(g) *Grounds for review.* The petition must state briefly, without argument, the grounds on which the petition is based. The grounds must be separately numbered. If the petitioner has access to the record, the petitioner must (after each ground) refer to the page of

the record where the matter complained of is found. Instead of listing grounds for review, the petition may contain the questions presented for review, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of questions should be short and concise, not argumentative or repetitious.

(h) *Argument.* The petition must contain a direct and concise argument, with supporting authorities, amplifying the reasons for granting review. See Rule 66.3. The court of appeals' opinions will be considered with the petition, and statements in those opinions need not be repeated if counsel accepts them as correct.

(i) *Prayer for relief.* The petition must state clearly the nature of the relief sought.

(j) *Appendix.* The petition must contain a copy of any opinion of the court of appeals.

**68.5** Deleted.

**68.6** Nonconforming Petition. The Court may strike, order redrawn, or summarily refuse a petition for discretionary review that is unnecessarily lengthy or that does not conform to these rules.

**68.7** Court of Appeals Clerk's Duties. Within 15 days of receiving notice of the filing of a petition for discretionary review from the clerk of the Court of Criminal Appeals, the clerk of the court of appeals must send to the clerk of the Court of Criminal Appeals the record, any motions filed in the case, and copies of any judgments, opinions, and orders of the court of appeals. The clerk need not forward any nondocumentary exhibits unless ordered to do so by the Court of Criminal Appeals.

**68.8** Court of Criminal Appeals Clerk's Duties. Upon receipt of the record from the court of appeals, the clerk of the Court of Criminal Appeals will file the record and enter the filing on the docket.

**68.9** Reply. The opposing party has 15 days after the timely filing of the petition in the Court of Criminal Appeals to file a reply to the petition with the clerk of the Court of Criminal Appeals.

**68.10** Amendment. Upon motion the petition or a reply may be amended or supplemented at any time justice requires.

**68.11** Service on State Prosecuting Attorney. In addition to the service required by Rule 9.5, service of the petition, the reply, and any amendment or



supplementation of a petition or reply must be made on the State Prosecuting Attorney.

#### ANNOTATIONS

*TRAP 68.7*

***Ex parte Nyabwa***, 366 S.W.3d 710, 710-11 (Tex. Crim.App.2012). "Rule 68.7 was amended to provide that an appellate court must send the appellate record to [the Court of Criminal Appeals] within 15 days of receiving notice that a petition for discretionary review has been filed. Once that 15-day period elapses, an appellate court loses authority to issue an opinion. [¶] The Court of Appeals's opinion issued on February 7, 2012, which was more than 15 days after [D] filed his petitions for discretionary review on January 13, 2012. It was untimely and therefore unauthorized under Rule 68.7…. Accordingly, the court had no jurisdiction to issue that opinion. Therefore, the Court of Appeals's opinion issued on February 7, 2012, is ordered withdrawn, and the original judgment and opinion of the Court of Appeals that issued on December 13, 2011, is reinstated."

## TRAP 69. ACTION OF COURT ON PETITION FOR DISCRETIONARY REVIEW & AFTER GRANTING REVIEW

**69.1** **Granting or Refusal.** If four judges do not vote to grant a petition for discretionary review, the Court will enter a docket notation that the petition is *refused*. If four judges vote to grant a petition, the Court will enter a docket notation that discretionary review is *granted*.

**69.2** **Setting Case for Submission.** If discretionary review is granted, either on the petition of a party or by the Court on its own initiative, the case will be set for submission.

**69.3** **Improvident Grant of Review.** If, after granting discretionary review, five judges are of the opinion that discretionary review should not have been granted, the case will be dismissed.

**69.4** **Clerk's Duties.**

(a) *On refusal or dismissal.* When the Court refuses or dismisses a petition, the clerk will send to the parties and the State Prosecuting Attorney a notice informing them that the petition was refused or dismissed. The clerk will retain the petition and all other items filed in the case for at least 15 days from the date

of the refusal or dismissal. At the end of that time, if no motion for rehearing has been timely filed, or upon the overruling or dismissal of such a motion, the clerk will send to the court of appeals clerk a certified copy of the order refusing or dismissing the petition (as well as any order overruling a motion for rehearing). The clerk of the Court of Criminal Appeals will return the appellate record to the court of appeals clerk but will retain the petition, and other documents filed in the Court of Criminal Appeals.

(b) *On granting review.* If the Court grants discretionary review, the clerk will send to the parties and the State Prosecuting Attorney a notice informing them that discretionary review was granted.

## TRAP 70. BRIEF ON THE MERITS

**70.1** **Initial Brief.** If review is granted, the petitioner—or, if there was no petition, the party who lost in the court of appeals—must file a brief within 30 days after review is granted.

**70.2** **Respondent's Brief.** The opposing party must file a brief within 30 days after the petitioner's brief is filed.

**70.3** **Brief Contents and Form.** Briefs must comply with the requirements of Rules 9 and 38, except that they need not contain the appendix (Rule 38.1(k)). Copies must be served as required by Rule 68.11.

**70.4** **Other Briefs.** The Court of Criminal Appeals may direct that a party file a brief, or an additional brief, in a particular case. Additionally, upon motion by a party the Court may permit the filing of additional briefs.

## TRAP 71. DIRECT APPEALS

**71.1** **Direct Appeal.** Cases in which the death penalty has been assessed under Code of Criminal Procedure article 37.071, and cases in which bail has been denied in non-capital cases under Article I, Section 11a of the Constitution, are appealed directly to the Court of Criminal Appeals.

**71.2** **Record.** The appellate record should be prepared and filed in accordance with Rules 31, 32, 34, 35 and 37, except that the record must be filed in the Court of Criminal Appeals. After disposition of the appeal, the Court may discard copies of juror information cards or other portions of the clerk's record that are not relevant to an issue on appeal.

---

**71.3 Briefs.** Briefs in a direct appeal should be prepared and filed in accordance with Rules 9 and 38, except that the brief need not contain an appendix (Rule 38.1(k)). All briefs must be filed in the Court of Criminal Appeals. The brief must include a short statement of why oral argument would be helpful, or a statement that oral argument is waived.

**71.4 Additional Briefs.** Upon motion by a party the Court may permit the filing of additional briefs other than those provided for in Rule 38.

## TRAP 72. EXTRAORDINARY MATTERS

**72.1 Leave to File.** A motion for leave to file must accompany an original petition for writ of habeas corpus, mandamus, procedendo, prohibition, certiorari, or other extraordinary writ, or any other motion not otherwise provided for in these rules.

**72.2 Disposition.** If five judges tentatively believe that the case should be filed and set for submission, the motion for leave will be granted and the case will then be handled and disposed of in accordance with Rule 52.7. If the motion for leave is denied, no motions for rehearing or reconsideration will be entertained. But the Court may, on its own initiative, reconsider a denial of a motion for leave.

### ANNOTATIONS

*Padilla v. McDaniel*, 122 S.W.3d 805, 808 (Tex. Crim.App.2003). "We hold that when a court of appeals and this court have concurrent, original jurisdiction of a petition for a writ of mandamus against the judge of a district or county court, the petition should be presented first to the court of appeals unless there is a compelling reason not to do so."

## TRAP 73. POSTCONVICTION APPLICATIONS FOR WRITS OF HABEAS CORPUS

**73.1 Form for Application Filed Under Article 11.07 of the Code of Criminal Procedure.**

(a) *Prescribed form.* An application filed under Article 11.07 must be on the form prescribed by the Court of Criminal Appeals.

(b) *Availability of form.* The district clerk of the county of conviction shall make the form available to applicants on request, without charge.

(c) *Contents.* The applicant or petitioner must provide all information required by the form. The form must include all grounds for relief and set forth in summary fashion the facts supporting each ground. Any ground not raised on the form will not be considered. Legal citations and arguments may be made in a separate memorandum. The form must be computer-generated, typewritten, or legibly handwritten.

(d) *Length.* Each ground for relief and supporting facts raised on the form shall not exceed the two pages provided for each ground in the form. The applicant or petitioner may file a separate memorandum. This memorandum shall comply with these rules and shall not exceed 15,000 words if computer-generated or 50 pages if not. If the total number of pages, including those in the original and any additional memoranda, exceed the word or page limits, an application may be dismissed unless the convicting court for good cause shown grants leave to exceed the prescribed limits. The prescribed limits do not include appendices, exhibits, cover page, table of contents, table of authorities, and certificate of compliance.

(e) *Typeface.* A computer-generated memorandum must be printed in a conventional typeface no smaller than 14-point except for footnotes, which must be no smaller than 12-point. A typewritten document must be printed in standard 10-character-per-inch (cpi) monospaced typeface.

(f) *Certificate of compliance.* A computer-generated memorandum, including any additional memoranda, must include a certificate by the applicant or petitioner stating the number of words in the document. The person certifying may rely on the word count of the computer program used to prepare the document.

(g) *Verification.* The application must be verified by either:

(1) oath made before a notary public or other officer authorized to administer oaths; or

(2) if the person making the application is an inmate in the Institutional Division of the Department of Criminal Justice or in a county jail, an unsworn declaration in substantially the form required in Civil Practice and Remedies Code chapter 132.

**73.2 Noncompliant Applications.** The Court of Criminal Appeals may dismiss an application that does not comply with these rules.

**73.3 State's Response.** Any response by the State must comply with length, typeface, and certificate of compliance requirements set out in rule 73.1(d), (e) and (f).

**73.4** **Filing and Transmission of Habeas Record.**

(a) The district clerk of the county of conviction shall accept and file all Code of Criminal Procedure article 11.07 applications.

(b) In addition to the duties set out in Article 11.07, the clerk shall do the following:

(1) If the convicting court enters an order designating issues, the clerk shall immediately transmit to the Court of Criminal Appeals a copy of that order and proof of the date the district attorney received the habeas application.

(2) When findings of fact and conclusions of law are made, a copy of those findings and conclusions shall immediately be sent to all parties in the case. A party has ten days from the date he receives the findings to file objections, but the trial court may, nevertheless, transmit the record to the Court of Criminal Appeals before the expiration of the ten days.

(3) When a district clerk transmits the record in a postconviction application for a writ of habeas corpus under Code of Criminal Procedure articles 11.07 or 11.071, the district clerk must prepare and transmit a summary sheet that includes the following information:

(A) the convicting court's name and county, and the name of the judge who tried the case;

(B) the applicant's name, the offense, the plea, the cause number, the sentence, and the date of sentence, as shown in the judgment of conviction;

(C) the cause number of any appeal from the conviction and the citation to any published report;

(D) whether a hearing was held on the application, whether findings of fact were made, any recommendation of the convicting court, and the name of the judge who presided over the application;

(E) the name of counsel if applicant is represented.

The Court of Criminal Appeals may by order adopt a form of summary sheet that the district clerks must use.

(4) The district clerk shall also include in the record transmitted to the Court of Criminal Appeals, among any other pertinent papers or supplements, the indictment or information, any plea papers, the court's docket sheet, the court's charge and the jury's verdict, any proposed findings of fact and conclusions of law, the court's findings of fact and conclusions of law, any objections to the court's findings of fact and conclusions of law filed by either party, and the transcript of any hearings held.

(5) On the 181st day from the date of receipt of the application by the State of a postconviction application for writ of habeas corpus under Article 11.07, the district clerk shall forward the writ record to this Court unless the district court has received an extension of time from the Court of Criminal Appeals pursuant to Rule 73.5.

**73.5** **Time Frame for Resolution of Claims Raised in Application.** Within 180 days from the date of receipt of the application by the State, the convicting court shall resolve any issues that the court has timely designated for resolution. Any motion for extension of time must be filed in the Court of Criminal Appeals before the expiration of the 180-day period.

**73.6** **Action on Application.** The Court may deny relief based upon its own review of the application or may issue such other instructions or orders as may be appropriate.

## TRAP 74. REVIEW OF CERTIFIED STATE CRIMINAL-LAW QUESTIONS

**74.1** **Certification.** The Court of Criminal Appeals may answer questions of Texas criminal law certified to it by any federal appellate court if the certifying court is presented with determinative questions of Texas criminal law having no controlling Court of Criminal Appeals precedent. The Court may decline to answer the questions certified to it.

**74.2** **Contents of the Certification Order.** An order from the certifying court must set forth:

(a) the questions of law to be answered; and

(b) a stipulated statement of all facts relevant to the questions certified, showing fully the nature of the controversy in which the questions arose.

**74.3** **Transmission of Certification Order.** The clerk of the certifying court must send to the clerk of the Court of Criminal Appeals the following:

(a) the certification order under the certifying court's official seal;

(b) a list of the names of each party to the pending case, giving the address and telephone number, if known, of any party not represented by counsel; and

(c) a list of the names and addresses of counsel for each party.

**74.4** **Transmission of Record.** The certifying court should not send to the Court of Criminal Appeals the record in the pending case with the certification order. The Court of Criminal Appeals may later require the original or copies of all or part of the record before the certifying court to be filed with the Court of Criminal Appeals clerk.

**74.5** **Notice.** If the Court of Criminal Appeals agrees to answer the questions certified to it, the Court will notify all parties and the certifying court. The Court of Criminal Appeals clerk must also send a notice to the Attorney General of Texas if:

(a) the constitutionality of a Texas statute is the subject of a certified question that the Court of Criminal Appeals has agreed to answer; and

(b) the State of Texas or an officer, agency, or employee of the State is not a party to the proceeding in the certifying court.

**74.6** **Briefs and Oral Argument.**

(a) *Briefs.* The appealing party in the certifying court must file a brief with the clerk of the Court of Criminal Appeals within 30 days after the date of the notice. Opposing parties must file an answering brief within 15 days of receiving the opening brief. Briefs must comply with Rule 38 to the extent that its provisions apply.

(b) *Oral argument.* Oral argument may be granted either on a party's request or on the Court's own initiative. Argument is governed by Rule 39.

**74.7** **Intervention by the State.** If the constitutionality of a Texas statute is the subject of a certified question that the Court of Criminal Appeals has agreed to answer, the State of Texas may intervene at any reasonable time for briefing and oral argument (if argument is allowed) on the question of constitutionality.

**74.8** **Opinion on Certified Question.** If the Court of Criminal Appeals has agreed to answer a certified question, it will hand down an opinion as in any other case.

**74.9** **Motion for Rehearing.** Any party may file a motion for rehearing within 15 days after the opinion is handed down. The motion must clearly state the points relied on for the rehearing. No reply to a motion for rehearing need be filed unless the Court so requests. The Court will not grant a motion for rehearing unless a response has been filed or requested.

**74.10** **Answering Certified Questions.** After all motions for rehearing have been overruled, the clerk of the Court of Criminal Appeals must send to the certifying court the written opinion on the certified questions. The opinion must be under the Court of Criminal Appeals' seal.

## TRAP 75. NOTIFICATION; ORAL ARGUMENT

**75.1** **Notification of Argument or Submission.** Oral argument will be permitted only in cases designated by the Court of Criminal Appeals. If the Court permits argument in a case, the clerk will notify the parties of the date set for argument. If a case will be submitted without argument, the clerk will notify the parties of the date of submission. The clerk must use all reasonable diligence to notify counsel of settings, but counsel's failure to receive notice will not necessarily prevent argument or submission of the case on the day it is set.

**75.2** **Request for Argument.** If a case is not designated for oral argument but counsel desires oral argument, counsel may—within 30 days of the date of the clerk's notice—petition the Court to allow oral argument. This petition must contain specific reasons why oral argument is desired.

**75.3** **Oral Argument.** Unless extended in a special case, the total maximum time for oral argument is 20 minutes per side. Counsel for the appellant or petitioner is entitled to open and conclude the argument. Counsel should not read at length from the briefs, records, or authorities. Counsel may orally correct a brief, but multiple additional citations should not be given orally; instead, these citations should be filed in writing with the clerk.

## TRAP 76. SUBMISSIONS EN BANC

The Court will sit en banc to consider the following types of cases:

(a) direct appeals;

(b) cases of discretionary review;

(c) cases in which leave to file was granted under Rule 72;

(d) cases that were docketed under Code of Criminal Procedure articles 11.07 or 11.071;

(e) certified questions; and

(f) rehearings under Rule 79.



### TRAP 77. OPINIONS

**77.1 Generally.** In each case that is argued or submitted without argument to the Court of Criminal Appeals, the Court will hand down a written opinion setting forth the reasons for its decision and any germane precedent. Any judge may file an opinion dissenting from or concurring in the Court's judgment.

**77.2 Signing; Publication.** A majority of the judges will determine whether an opinion will be signed by a judge or issued per curiam, and whether the opinion (or a portion of the opinion) will be published.

**77.3 Unpublished Opinions.** Unpublished opinions have no precedential value and must not be cited as authority by counsel or by a court.

**77.4 Copies.** On the date when an opinion is handed down or an order rendered, the clerk of the Court of Criminal Appeals must mail copies of the opinion or order to:

(a) the parties;

(b) the State Prosecuting Attorney;

(c) the trial court clerk; and

(d) if the case is of discretionary review, the court of appeals clerk.

### TRAP 78. JUDGMENTS IN THE COURT OF CRIMINAL APPEALS

**78.1 Types of Judgment.** The Court of Criminal Appeals may:

(a) affirm the lower court's judgment in whole or in part;

(b) modify the lower court's judgment and affirm it as modified;

(c) reverse the court's judgment in whole or in part and render the judgment that the lower court should have rendered;

(d) reverse the lower court's judgment and remand the case for further proceedings;

(e) vacate the judgments of the lower courts and dismiss the case;

(f) vacate the lower court's judgment and remand the case for further proceedings in light of changes in the law; or

(g) dismiss the appeal.

**78.2 Remand in the Interests of Justice.** When reversing the court of appeals' judgment, the Court of Criminal Appeals may, in the interests of justice, remand the case to the trial court even if a rendition of judgment is otherwise appropriate.

**78.3 Other Orders.** The Court of Criminal Appeals may make any other appropriate order required by the law and the nature of the case.

#### ANNOTATIONS

##### TRAP 78.1

*Carroll v. State*, 101 S.W.3d 454, 455 (Tex.Crim. App.2003). "We granted review to determine whether it is within the court of appeals' scope of review on remand to reconsider a particular point of error and decide it based on grounds not expressly contemplated by this Court's remand order. We find that it is...."

*Herrin v. State*, 125 S.W.3d 436, 444 (Tex.Crim.App. 2002). "[W]e hold that under Rule 78.1 this Court has the authority in the direct review of a death penalty case, to (among other things) reform the judgment of the trial court below."

### TRAP 79. REHEARINGS

**79.1 Motion for Rehearing.** A motion for rehearing may be filed with the Court of Criminal Appeals clerk within 15 days from the date of the judgment or order. In exceptional cases, if justice requires, the Court may shorten the time within which the motion may be filed or even deny the right to file it altogether.

**79.2 Contents.**

(a) The motion must briefly and distinctly state the grounds and arguments relied on for rehearing.

(b) A motion for rehearing an order that grants discretionary review may not be filed.

(c) A motion for rehearing an order that refuses a petition for discretionary review may be grounded only on substantial intervening circumstances or on other significant circumstances which are specified in the motion. Counsel must certify that the motion is so grounded and that the motion is made in good faith and not for delay.

(d) A motion for rehearing an order that denies habeas corpus relief under Code of Criminal Procedure, articles 11.07 or 11.071, may not be filed. The Court may on its own initiative reconsider the case.

**79.3 Amendments.** A motion for rehearing may be amended anytime before the period allowed for fil-

NO. _____

# IN THE COURT OF CRIMINAL APPEALS

## OF THE STATE OF TEXAS

**ERIC TENNELL**, Appellant

VS.

**THE STATE OF TEXAS**, Appellee

## PETITIONER'S MOTION TO EXTEND TIME TO FILE PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW ERIC TENNELL, Petitioner, and files this motion for an extension of time in which to file his petition for discretionary review. In support of this motion, Petitioner shows the court the following:

### I

This appeal lies from the Petitioner's conviction in *The State of Texas v. ERIC TENNELL* which was affirmed by the First Court of Appeals in Cause No. 01-13-00942-CR on January 29, 2015. This is Petitioner's first request for an extension to file the petition for discretionary review.

### II

Petitioner is presently incarcerated in TDCJ and received the Court of Appeals

opinion on the ___ day of _____, 2015. Petitioner needs additional time to review the Court of Appeals opinion and prepare his petition for discretionary review.

This request is not made for delay but so justice may be done

WHEREFORE, Appellant prays the court grant this motion and extend the deadline for filing the petition for discretionary review.

RESPECTFULLY SUBMITTED,

ERIC TENNELL
TDCJ # 1889930

Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been delivered to the Harris County District Attorney by epositing same in the U.S. Mail on the _____ day of _____, 20 ___.

I hereby certify that a true and correct copy of the above and foregoing instrument has been delivered to the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711 by U.S. mail this the ___ day of _____, 20___.

ERIC TENNELL